IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS RULLAN | : | |
| | : | |
| v. | : | Civil No. CCB-12-2412 |
| | : | |
| | : | |
| JILL GODEN and FRED GREENBERG | : | |

## MEMORANDUM

Plaintiff Luis Rullan filed this action against Jill Goden and her father, Fred Greenberg, seeking damages for a failed business partnership Rullan alleges he was falsely induced into entering. Goden and Greenberg have filed a motion to dismiss, a motion for a more definite statement, and a motion to strike (ECF No. 7). Rullan has filed a "motion to preserve all rights and stay all obligations under the written partnership agreement." (ECF No. 14).

## BACKGROUND

In a sprawling, 156 paragraph complaint, Rullan, a Spanish national, recounts a detailed narrative of his partnering with Goden and Greenberg, the operators of a summer camp in West Virginia where Rullan spent a significant portion of his youth, in an effort to save the camp from failure. According to the complaint, the Timber Ridge Camp is located in High View, West Virgnia and is owned by Timber Ridge Incorporated. (Compl., ECF No. 1, ¶ 11). Youth World, Ltd., is a separate corporation that administers the camp, and Youth World International, Ltd., is a corporation that was formed merely for the purpose of helping Rullan obtain a visa to work in the United States for the camp. (*Id.*).

Sometime in late 2010, Rullan entered into discussions with Goden and Greenberg, with whom he had developed a very close friendship as a lifelong camper at Timber Ridge, to assist them with the business of the camp and to work to grow the camp's international audience. (*Id.*

1

¶¶ 15-18). Soon after, Rullan allegedly entered into the first of several agreements under which he would contribute financially to the camp, and work for the camp, in exchange for an interest in it. (*See id.* ¶¶ 32-35). This agreement began what was apparently a rocky relationship between Rullan and Goden and Greenberg, where he continued to work for and invest in the camp while, he claims, Goden and Greenberg misled him as to the true value of the camp, misused funds, and lied to him to extort further capital. (*See, e.g.*, *id.* ¶¶ 39, 42, 47, 51, 53, 57). Rullan's involvement with the camp and with Goden and Greenberg eventually fell apart as Rullan determined that he had expended a considerable amount of time and money with little possibility of a return. (*See id.* ¶ 141). Rullan filed this action seeking to collect on what he believes he is owed under the terms of the agreements he entered into with Goden and Greenberg, or, alternatively, equitable relief.

## ANALYSIS

### I. Motion for a More Definite Statement

Rule 12(e) "allows a defendant to move for a more definite statement if the complaint 'is so vague or ambiguous that he cannot reasonably be required to frame a responsive pleading.'" *Hodgson v. Virginia Baptists Hospital, Inc.*, 482 F.2d 821, 822-23 (4th Cir. 1973) (brackets omitted). "Where a party has enough information to frame an adequate answer, a court should deny the Rule 12(e) motion and avoid delay in maturing the case." *Doe v. Bayer Corp.*, 367 F. Supp. 2d 904, 917 (M.D.N.C. 2005).

Goden and Greenberg argue that Rullan's sprawling complaint is too scattered and broad for them to adequately frame an answer. They seek an order under Rule 12(e) compelling Rullan to refile a more thorough and organized complaint that specifically enumerates when and where each alleged agreement between the parties was formed and exactly what provisions of each were allegedly breached. While the court agrees that the complaint is far from clear or easy to

follow, the complaint is burdened by minutiae, not a lack of details. Despite the defendants' insistence that the complaint is "unintelligible," it is obvious that the basis of all of Rullan's claims is an alleged series of agreements between him and Goden and Greenberg under which he was to participate in the business of the camp in exchange for compensation and an interest in the camp, as well as further allegations that the defendants lied to him, mistreated him as a business partner, misused business-related funds, and retained the money that Rullan had invested in the camp.

Given the relatively rare instance in which an order under Rule 12(e) is appropriate, and the extensive nature of Rullan's complaint, the court will decline to order Rullan to amend his complaint to better link each alleged breach with particular provisions of particular agreements. Rather than extending litigation merely on the issue of the adequacy of the pleadings, discovery will more efficiently permit the parties to determine the parameters of Rullan's claims. To the extent Goden or Greenberg believe they lack enough information or knowledge concerning particular allegations made in the complaint, they are free to state as much in their answer. Accordingly, the defendants' motion for a more definite statement will be denied.

**II. Motion to Dismiss**

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The

mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim . . . . However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (quotations and citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Goden and Greenberg first argue that Rullan's unjust enrichment claim should be dismissed because the general rule is that no quasi-contractual claim can arise when a contract exists between the parties concerning the same subject matter as the quasi-contractual claim. *See, e.g.*, *County Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 (Md. 2000). The rule seeks to prevent parties from recovering when their expectations under a contract are not realized, even though under the contract the parties assumed the risk of having those expectations defeated. *Id.* However, as the scope and efficacy of the agreements in this case, and the expectations thereunder, are not easily demarcated on the face of the complaint, Rullan can maintain, as an alternative basis for relief, his claim of unjust enrichment, pending further delineation of the parties' formal agreements. *See Rubberlite, Inc. v. Baychar Holdings,*

*LLC*, 737 F. Supp. 2d 575, 584 (S.D.W.V. 2010).[1]

Rullan's fraud claim, however, "is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead 'with particularity the circumstances constituting fraud.'" *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) ("The circumstances include 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'") (citations omitted). While Rullan does allude to a variety of false and misleading statements made by the defendants regarding the economic health of the camp, the expectations he should have concerning compensation for his services, and his role in the business venture, Rullan has not laid out, with specificity, the times, places, contents, and sources of each particular statement he alleges was fraudulent. Accordingly, Count 6 of Rullan's complaint must be dismissed without prejudice. Furthermore, if Rullan intends to seek leave to file an amended complaint setting forth such details, he could also use the opportunity to more clearly and succinctly outline the dates and contents of each agreement on which all of his claims are based. In the meantime, however, a scheduling order will be issued so that discovery may proceed.

**III. Motion to Strike**

Finally, Goden and Greenberg's motion to strike will be denied without prejudice. Rule 12(f) "permits a district court, on motion of a party, to 'order stricken from any pleading any insufficient defense.'" *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) ("Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a

---

[1] Fraud or bad faith in the formation of an agreement, as Rullan has alleged, may also allow for recovery under a theory of unjust enrichment. *See Dashiell*, 747 A.2d at 609; *Rubberlite*, 737 F. Supp. 2d at 584.

5

pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'") (citation omitted). At this stage, it would be premature to strike Rullan's request for punitive damages and attorney's fees. Whether Rullan is entitled to such damages is an issue that will be resolved, if necessary, further in the litigation. The defendants' motion to strike Rullan's request for a preliminary injunction is moot as the court has already denied Rullan's motion for a preliminary injunction. (*See* ECF No. 22). Otherwise, Rullan's prayer for relief and allegations of negligence are not improper and need not be struck.

## CONCLUSION

For the reason's stated above, Goden and Greenberg's motions will be granted in part, denied in part, and denied without prejudice in part.[2]

A separate Order follows.

June 25, 3013  
Date

/s/  
Catherine C. Blake  
United States District Judge

---

[2] Rullan's "motion to preserve all rights . . ." will be denied. Rullan states no legal basis for the requested relief. To the extent Rullan seeks an injunction or declaratory judgment, the form of his request is procedurally defective.