UNITED STATES DISTRICT COURT

DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

July 25, 2014

Heather M. Sala, Esquire
Peter C. Choharis, Esquire
The Choharis Law Group, PLLC
2771 Woodley Place, NW
Washington, DC 20008

Glen A. Kendall, Esquire
Jonathan M. Davidoff, Esquire
Robert M. Fantone, Esquire
Davidoff Law Firm, PLLC
228 East 45th Street, Suite 1700
New York, NY 10017

Mark A. Simanowith, Esquire
Matthew A. Haven, Esquire
Saul Ewing, LLP
500 East Pratt Street, 8th Floor
Baltimore, MD 21202

Subject:   Rullan v. Goden, et al.
           Civil No.: CCB-12-2412

Dear Counsel:

This letter order will confirm the results of the telephone conference conducted on Tuesday, July 22, 2014 as follows:

1. Respondent James Loots' Objections and Motion to Quash Subpoena or in the Alternative for Protective Order (ECF No. 58) is granted in part and denied in part. Any deposition of Mr. Loots will be limited to a telephone conference that allegedly occurred in February 2012 between plaintiff, defendants, and Mr. Loots. (See Defendants' Response to Non-Party Witness James M. Loots' Motion to Quash Subpoena or in the Alternative for Protective Order, ECF No. 97 at ¶¶ 2-4.) If plaintiff chooses to depose Mr. Loots, the deposition must be limited to questions about this telephone conversation and may not address any privileged matters between Mr. Loots and defendants. The deposition should occur at Mr. Loots' office at a time convenient to him.

2. Defendants' Motion for Protective Order (ECF No. 98) is granted in part and denied in part. The parties are instructed to work collaboratively to accommodate all parties and counsel when scheduling depositions beginning the week of August 18, 2014. Unless otherwise agreed by the parties, all depositions shall occur at plaintiff's counsel's office in Washington, D.C. Defendant Jill Goden shall be deposed as a fact witness and as a FRCP 30(b)(6) witness during the same deposition. The parties have

Rullan v. Goden, et al.
Civil No.: CCB-12-2412
July 25, 2014
Page 2

    agreed that Youth World Ltd., Timber Ridge, Inc., and Youth World International will produce all requested corporate documents by **August 7, 2014**. (Plaintiff's Motion to Correct Plaintiff's Response in Partial Opposition and Partial Agreement, ECF No. 107.) These documents shall be produced promptly to ensure that plaintiff has an adequate opportunity to review them in advance of the 30(b)(6) deposition.

3. Defendants' Motion to Stay Depositions and Production until Ruling on Motion for Protective Order (ECF No. 103) is denied as moot. This letter order resolves defendants' Motion for Protective Order (ECF No. 98) and the deadlines defendants reference have already passed. Accordingly, this motion is moot.

4. As to plaintiff's Motion for a Protective Order or to Quash Defendants' Second Set of Interrogatories (ECF No. 101), I have received defendants' Response in Opposition (ECF No. 110) and plaintiff's Reply (ECF No. 111). A separate letter order will be issued on this motion.

5. As instructed in my letter order of July 22, 2014 (ECF No. 109), the parties are reminded to utilize the expedited discovery procedure set forth therein. This expedited discovery procedure should be utilized only in the event that the parties fail to collaboratively resolve their discovery disputes. Counsel are required to comply with the procedures set forth in Local Rule 104.7 prior to utilizing the expedited discovery procedure.

    Notwithstanding the informal nature of this letter, it is an Order of the court and will be docketed accordingly.

    Very truly yours,

    /s/
    Beth P. Gesner
    United States Magistrate Judge

cc: James M. Loots, Esquire