# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS (JANER) RULLAN, | * | |
| **Plaintiff,** | * | |
| | | **Civil No. CCB-12-2412** |
| v. | * | |
| JILL GODEN, et al., | * | |
| **Defendants.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM AND ORDER

Currently pending are Plaintiff Rullan's Motion for Stay of Discovery Until December 1, 2014 in Order to Allow Further Proceedings in the Defendant Goden Chapter 7 Bankruptcy (ECF No. 166) ("plaintiff's Motion"), Defendant Greenberg's Opposition to Plaintiff's Motion for Stay of Discovery (ECF No. 168), and Plaintiff Rullan's Reply in Support of Motion for Stay of Discovery Until December 1, 2014 (ECF No. 171) ("plaintiff's Reply").

Plaintiff asserts that a stay of discovery is warranted in this case because of the expense and burden of simultaneously litigating this case, Defendant Jill Goden's ("defendant Goden") Chapter 7 Bankruptcy, as well as the three additional state and federal cases which are described below.  (ECF No. 166 at ¶¶ 2-3.)  Defendant Greenberg argues that a stay of discovery should not be granted because defendant is in a substantially different position from Goden.  (ECF No. 168 at 1-2, 5-6.)  Additionally, defendant argues that plaintiff has failed to demonstrate good cause for a stay of discovery pursuant to the Federal Rules of Civil Procedure.  (Id. at 3-4.)

1

Federal Rule of Civil Procedure 26(c) provides that a court "may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). Where the moving party demonstrates good cause, therefore, Rule 26(c) "vests the court with discretion to stay discovery." Wymes, et al. v. Lustbader, M.D., et al., No. WDQ-10-1629, 2012 WL 1819836, at *3 (D. Md. May 16, 2012) (internal citations omitted).

This case arises out of a failed business relationship between plaintiff and defendants Goden and Greenberg regarding Timber Ridge Camp, a summer camp located in High View, West Virginia. In addition to this case, within the last two months, one or more of the defendants have filed four additional cases in state or federal courts in Florida and Maryland, including three against plaintiff Rullan and one against Rullan, Sr., (plaintiff's father): (1) In re Jill Goden, No. 14-22934-NVA (Bankr. D. Md. filed Aug. 18, 2014) (defendant Goden's Chapter 7 Bankruptcy Petition converted from Chapter 13); (2) Greenberg, et al. v. Rullan, et al., No. 9:14-cv-91191-DTKH (S.D. Fla. filed Sept. 20, 2014) (civil action for declaratory relief and fraud in the inducement pertaining to plaintiff's interest in Timber Ridge Incorporated, the corporation that owns Timber Ridge Camp, which plaintiff removed from state to federal court in the Southern District of Florida); (3) Goden v. Rullan, et al., No. 03-C-14-008891 (Cir. Ct. Balt. Cnty. filed Aug. 18, 2014) (civil action for dissolution of Youth World International, Ltd., the corporation formed by plaintiff and defendant Goden for purposes of plaintiff's immigration); and (4) Goden, et al. v. Rullan, et al., No. 03-C-14-008892 (Cir. Ct. Balt. Cnty. filed Aug. 18, 2014)

(civil action for dissolution of Youth World, Ltd., the corporation that operates and administers Timber Ridge Camp).

It should also be noted that discovery in this case has been extremely contentious.  The parties have filed motions, or sought the court's assistance, regarding virtually every aspect of the discovery conducted thus far.  The parties need to conduct additional discovery and multiple disputes exist as to that remaining discovery.  By virtue of defendant Goden's bankruptcy, this case has been stayed against her, so none of the discovery conducted thus far has been directed to Goden.  There is currently pending, however, in defendant's Goden's bankruptcy case, plaintiff Rullan's Motion for Relief from Stay As to Non-Bankruptcy Fraud-Based Litigation.  (ECF No. 13.)  A hearing on this motion is scheduled for December 4, 2014.   Pending in the case in the United States District Court for the Southern District of Florida is Defendant Luis (Janer) Rullan's Notice of Removal and Motion to Transfer to the United States District Court of Maryland and for Fees, filed on September 20, 2014.  (ECF No. 1.)  That motion is not yet ripe for consideration by the Florida Court.

In light of the multiple pending actions relating to the dispute at issue in this case, and for the reasons noted in plaintiff's Motion and Reply (ECF Nos. 166 and 171), I find that plaintiff has sufficiently demonstrated good cause for a stay of discovery in this case.  As plaintiff notes, it is extremely burdensome and duplicative for this court and four other state and federal courts to spend judicial resources adjudicating disputes involving the same parties and events.  Thus, it is in the interest of judicial economy that a stay of discovery be granted for a time period sufficient to allow the motions pending in the United States Bankruptcy Court for the District of Maryland

and the United States District Court for the Southern District of Florida to be resolved before further discovery is conducted in this case.[1]  The court further finds that, for all the reasons noted above, it is in the interests of justice for the parties to participate in court supervised mediation. A mediation in January 2015, or at such time as deemed appropriate by the Magistrate Judge to whom the case is assigned, should allow sufficient time for the resolution of the outstanding motions in the bankruptcy and Florida cases.  A separate order referring this case to a Magistrate Judge of this court for mediation will be issued.

For the foregoing reasons, plaintiff's Motion (ECF No. 166) is GRANTED and discovery in this case is hereby stayed until the assigned Magistrate Judge determines that settlement discussions have concluded.  If, at that time, the parties have not resolved this case, the court will address remaining scheduling issues.

    10/27/14                                                    /s/
Date                                                    Beth P. Gesner
                                                        United States Magistrate Judge

---

[1] For these same reasons, the court denies defendant Greenberg's request that certain discovery proceed at this time. (ECF No. 168 at 6.)

4