IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS RULLAN | * | |
| V. | * | CIVIL NO. CCB-12-2412 |
| JILL GODEN, ET AL. | * | |

* * * * * * * * * * * *

## MEMORANDUM AND ORDER

Currently pending are Plaintiff's Motion to Vacate Protective Order (ECF 57) ("Motion") (ECF No. 300), Defendants' Opposition to Motion to Vacate Protective Order ("Opposition") (ECF No. 301), and Plaintiff's Reply in Support of Rullan's Motion to Vacate Protective Order ("Reply") (ECF No. 302). For the reasons noted below, plaintiff's Motion (ECF No. 300) is denied in part, and granted in part.

On January 31, 2014, the court entered a Protective Order (ECF No. 57) that governed discovery in this case and which allowed the parties to designate certain materials as "confidential." In their Motion, plaintiff asks that the Protective Order be vacated so that they may respond to a federal grand jury subpoena served on plaintiff's counsel which requests documents concerning the defendants in this case. (ECF No. 300 at 1). Plaintiff argues that vacating the Protective Order will not prejudice the defendants because: 1) the information to be disclosed is at least six years old; 2) only a small number of documents were produced pursuant to the Protective Order; and 3) the defendant companies have not operated in over six years, and one defendant filed for bankruptcy in April 2018. (Id. at 2).

Defendants oppose the Motion, asserting that plaintiff should have to disclose the substance of the grand jury subpoena and advise defendants and the court as to exactly which documents subject to the Protective Order would be produced in response to the subpoena. (ECF No. 301 at 2). Defendants further maintain that, if the court is inclined to enter an order permitting plaintiff to produce documents subject to the Protective Order in response to the grand jury subpoena, such an order should be narrowly tailored, and should not vacate the Protective Order in its entirety. (Id.) Rather, defendants argue that plaintiff should only be permitted to produce documents responsive to the subpoena, and should be required to disclose to defendants which documents have been produced as well as produce a copy of the grand jury subpoena to defendants. (Id.) In reply, plaintiff asserts that the Protective Order should be vacated in its entirety because: 1) good cause exists to vacate the Protective Order; 2) defendants will not suffer prejudice; 3) defendant companies cannot oppose the motion and individual defendants Goden and Greenberg lack standing to do so on the company's behalf; and 4) defendants' request to receive information about the grand jury investigation is completely inappropriate. (ECF No. 302 at 3-6).

The court has considered the respective arguments of counsel and concludes that it is not appropriate to vacate the Protective Order in its entirety at this time. The focus of plaintiff's Motion was to allow plaintiff to produce documents in response to the grand jury subpoena. It was only in plaintiff's Reply that they raised other potential uses for the documents which are subject to the Protective Order. Based on the record currently before the court, the court concludes that it is appropriate to permit relief from the Protective Order so that plaintiff can comply with the federal grand jury subpoena served on plaintiff's counsel. Other possible uses for the documents which plaintiff argues support vacating the Protective Order are not currently at issue, are not detailed for the court, and, therefore, are not ripe for the court's consideration. Plaintiff's

assertion that the burden associated with seeking further relief from the Protective Order outweighs the reasons to keep the Protective Order in place is unavailing. Moreover, defendants' request to be provided with a copy of the grand jury subpoena or the records produced in response to the subpoena are rejected as unsupported by any legal authority and inconsistent with the broad scope of secrecy afforded to grand jury proceedings. Therefore, the court concludes that an order permitting plaintiff's counsel to produce documents subject to the Protective Order which are responsive to the federal grand jury subpoena is appropriate.

ACCORDINGLY, IT IS HEREBY ORDERED this 9th day of April, 2021 that:

1. Plaintiff's Motion (ECF No. 300) is DENIED IN PART, AND GRANTED IN PART.

2. Plaintiff's Motion is denied insofar as it seeks to vacate the Protective Order in this case; and

3. Plaintiff's Motion is granted for the limited purpose of allowing plaintiff to produce documents subject to the Protective Order in this case in response to the federal grand jury subpoena that has been served upon plaintiff's counsel.

Date: April 9, 2021                               /s/
                                        Beth P. Gesner
                                        Chief United States Magistrate Judge